UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DORA WHITTEMORE and FRANK CILIBERTO

CA 07 051 ML

VS

CASE NO. 07-____________
(JURY TRIAL DEMANDED)

JOHN MICHAELS d/b/a JOHN MICHAELS COLLECTION AGENCY

**VERIFIED COMPLAINT**

The Plaintiffs bring this Verified Complaint pursuant to the Fair Debt Collection Practices Act, 15 USC § 1692, *et seq.*, and the Rhode Island Unfair Trade Practice and Consumer Protection Act, RIGL § 6-13.1-1, *et seq*, and for cause allege as follows:

1. The Plaintiffs, DORA WHITTEMORE and FRANK CILIBERTO, are, and at all times relevant to this cause of action were, residents of the State of Rhode Island, residing at 95 Beach Avenue, Warwick, Rhode Island, and "consumers" within the meaning of 15 USC § 1692a(3).

2. Upon information and belief, the Defendant, JOHN MICHAELS d/b/a JOHN MICHAELS COLLECTION AGENCY, is, and at all times relevant to this cause of action was, a "debt collector" within the meaning of 15 USC § 1692a(6), doing business in the State of Rhode Island, with a principal place of business located at 1643 Warwick Avenue, Warwick Rhode Island.

3. This Court has subject matter jurisdiction in this action pursuant to 28 USC § 1331 (general federal question jurisdiction), 28 USC § 1367 (supplemental jurisdiction) and 15 USC § 1692k (Fair Debt Collection Practices Act).

4. This Court has personal jurisdiction over the Defendant since he conducts business in the State of Rhode Island.

5. This Court is the proper venue for this action.

## STATEMENT OF FACTS

6. Upon information and belief, the Defendant regularly attempts to collect debts alleged to be due and owing another party from consumers through the use of the mails and other instrumentalities of interstate commerce.

7. On or about October 10, 2006, the Defendant mailed to, and tacked to the dwelling of the Plaintiffs, the correspondence, a true and accurate copy of which is attached hereto as Exhibit 1, on behalf of his client S.L. Johnson Company, seeking collection of $4,217.42, a "debt" within the meaning of 15 USC § 1692a(5).

8. The debt alleged to be due and owing the creditor is for personal, family and/or household purposes.

9. The Defendant's client, S.L. Johnson Company, is a "creditor" within the meaning of 15 USC § 1692a(4).

10. On or about October 10, 2006, the Defendant also communicated with the Plaintiffs by telephone to collect said debt.

11. Said correspondence and telephone conversation each constitute a "communication" within the meaning of 15 USC § 1692a(3).

12. By said communications, the Defendant seeks from the Plaintiffs, collection of said debt on behalf of the creditor.

13. The creditor and Defendant's client, S.L. Johnson Company, is, and at all times relevant to this cause of action was, a contractor not properly registered with the State of Rhode Island Contractors

Registration Board, as required by RIGL § 5-65-3(a) (2005).[1]

14. Said creditor is, and at all times relevant to this cause of action was, thus barred by RIGL § 5-65-4(a) (2005), from either bringing or threatening to bring any legal action, or recording or threatening to record any mechanics lien, to collect the debt.

15. Upon information and belief, the Defendant knew, or should have known, that said creditor, on whose behalf the Defendant was acting, was a contractor not properly registered with the State of Rhode Island Contractors Registration Board as required by RIGL § 5-65-3(a) (2005), and thus was barred by RIGL § 5-65-4(a) (2005) from pursuing any legal action to collect the debt.

16. Upon information and belief, prior to communicating and attempting to collect the debt from the Plaintiffs, the Defendant failed to ascertain whether the creditor was a contractor properly registered, and in good standing, with the State of Rhode Island Contractors Registration Board, despite the ready availability of such information from the Internet website of the Board, or in the alternative, otherwise proceeded with collection efforts notwithstanding actual knowledge of the non-registration status of the creditor.

17. As a direct and proximate result of the conduct of the Defendant, the Plaintiffs have been damaged thereby.

COUNT ONE

18. The Plaintiffs re-allege and incorporate the aforementioned paragraphs of this Complaint, contained inclusive, as if fully set forth herein.

19. The Defendant's October 10, 2006 communications with the Plaintiffs violate 15 USC §§ 1692e(2) and 1692e(10), because the debt sought by the Defendant in same is devoid of any basis in law or fact

[1] The 2006 Re-enactment of RIGL Title 5, Chapter 65 did not take effect until October 1, 2006, after the creditor left the Plaintiffs' property. The previous enactment of RIGL Title 5, Chapter 65 therefore governs the status of this creditor.

since the creditor, on whose behalf the Defendant was acting, is and was a contractor not properly registered with the State of Rhode Island Contractors Registration Board as required by RIGL § 5-65-3(a) (2005), and thus is and was barred by RIGL § 5-65-4(a) (2005) from pursuing any legal action to collect the debt.

COUNT TWO

20. The Plaintiffs re-allege and incorporate the aforementioned paragraphs of this Complaint, contained inclusive, as if fully set forth herein.

21. The Defendant's October 10, 2006 communications with the Plaintiffs violate 15 USC § 1692e(5), because same threaten legal action that could not be lawfully taken, or in the alternative, were not intended to be taken, and otherwise created a false sense of urgency in the Plaintiffs, since the creditor on whose behalf the Defendant was acting, is and was a contractor not properly registered with the State of Rhode Island Contractors Registration Board as required by RIGL § 5-65-3(a) (2005), and thus is and was barred by RIGL § 5-65-4(a) (2005) from pursuing any legal action to collect the debt.

COUNT THREE

22. The Plaintiffs re-allege and incorporate the aforementioned paragraphs of this Complaint, contained inclusive, as if fully set forth herein.

23. The Defendant's October 10, 2006 communications with the Plaintiffs violate 15 USC § 1692f(1), because the collection of the debt sought by the Defendant in same is not permitted by law since the creditor, on whose behalf the Defendant was acting, is and was a contractor not properly registered with the State of Rhode Island Contractors Registration Board as required by RIGL § 5-65-3(a) (2005), and thus is and was barred by RIGL § 5-65-4(a) (2005) from pursuing any legal action to collect the debt.

COUNT FOUR

24. The Plaintiffs re-allege and incorporate the aforementioned paragraphs of this Complaint,

contained inclusive, as if fully set forth herein.

25. The Defendant's October 10, 2006 communications with the Plaintiffs violate 15 USC § 1692f(6)(A), because same threatens to take non-judicial action to effect dispossession or disablement of the Plaintiffs' real estate, by the recording of a mechanics lien notice in the City of Warwick Land Evidence Records without any present right to do so, since the creditor on whose behalf the Defendant was acting, is and was a contractor not properly registered with the State of Rhode Island Contractors Registration Board as required by RIGL § 5-65-3(a) (2005), and thus is and was barred by RIGL § 5-65-4(a) (2005) from pursuing any legal action to collect the debt.

COUNT FIVE

26. The Plaintiffs re-allege and incorporate the aforementioned paragraphs of this Complaint, contained inclusive, as if fully set forth herein.

27. The Defendant is, and at all times relevant to this cause of action was, actively engaged in the conduct of trade or commerce as defined by RIGL § 6-13.1-1(5) (2006).

28. Upon information and belief, the Defendant is not subject to regulation by any regulatory agency of either the United States government, or that of the State of Rhode Island.

29. The Defendant's October 10, 2006 communications with the Plaintiffs violate RIGL § 6-13.1-2 (2006), and thereby constitute acts or practices unfair and/or deceptive to the Plaintiffs as consumers, as defined by RIGL § 6-13.1-1(6)(xiii) (2006), for the reasons set forth above.

WHEREFORE, the Plaintiffs demand that judgment enter for the Plaintiffs and against the Defendant as follows:

(1) for a Declaratory Judgment that the Defendant's conduct alleged herein violates the Fair Debt Collection Practices Act, 15 USC § 1692, *et seq*, and the Rhode Island Unfair Trade Practice and Consumer Protection Act, RIGL § 6-13.1-1 (2006), *et seq;*

(2) for damages pursuant to 15 USC § 1692k and RIGL § 6-13.1-5.2(a) (2006); and,

(3) for interest, costs and reasonable attorney's fees pursuant to 15 USC § 1692k and RIGL § 6-13.1-5.2(d) (2006).

The Plaintiffs hereby demand a trial by jury and designate Michael S. Pezzullo, Esquire, as trial counsel.

VERIFICATION

I, DORA WHITTEMORE and FRANK CILIBERTO, hereby state that we are the Plaintiffs in the above-captioned action, and hereby acknowledge that we have read the foregoing Verified Complaint. Based upon our personal knowledge, the allegations set forth herein are true, except for those allegations made upon information and belief, which allegations we believe to be true.

Dora Whittemore
DORA WHITTEMORE
Plaintiff/Affiant

FRANK CILIBERTO
Plaintiff/Affiant

Subscribed and sworn to before me this 27th day of December, 2006

MICHAEL S. PEZZULLO
Notary Public (40055)
State of Rhode Island
My Commission Expires 10/16/2008

Notary Public
Print Name:__________
My Commission expires: __________

Plaintiffs,
by their Attorney,

Michael S. Pezzullo (5489)
303 Jefferson Boulevard
Warwick RI 02888
Tel: 401-921-4800
Fax: 401-921-4805

December 27, 2006
Date